IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHAM SY VAN DDS | § | |
| | § | |
| v. | § | NO. 4:17-cv-02513 |
| | § | |
| AMERICAN CASUALTY COMPANY | § | JURY DEMAND |
| OF READING, PENNSYLVANIA and | § | |
| JOHN DOUGLAS PEACOCK | § | |

## DEFENDANT AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, American Casualty Company of Reading, Pennsylvania (American Casualty) files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

1. On June 26, 2017, Plaintiff, Pham Sy Van DDS, filed its Original Petition in the matter styled *Pham Sy Van DDS v. American Casualty Company of Reading, Pennsylvania and John Douglas Peacock*, Cause No. 2017-42390, in the 55th Judicial District Court of Harris County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to its property under an insurance policy with American Casualty.

2. Plaintiff served American Casualty with a copy of the original petition on or about July 17, 2017. As of the date of this filing and based on information and belief, Plaintiff has not served its original Petition on the defendant, John Douglas Peacock.

3. American Casualty filed its Original Answer on August 7, 2017.

4. American Casualty files this notice of removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action.

5. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

6. As required by 28 U.S.C. § 1446(a) and Rule 81 of the Local Civil Rules of the United States District Court for the Southern District of Texas, and simultaneously with the filing of this notice of removal, American Casualty attaches the documents as set forth herein:

Exhibit "A" – All required state court pleadings;

Exhibit "B" - State Court Docket Sheet;

Exhibit "C" – Local Rule 81 Index of Matters Files;

Exhibit "D" – Local Rule 81 List of Counsel of Record and Parties Represented;

7. Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division include Harris County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.

## BASIS FOR REMOVAL

8. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

A. THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP

9. Plaintiff, Pham Sy Van DDS is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Pl's Original Pet., Parties, ¶2, p.1, Exhibit A. Therefore, Plaintiff is citizens of Texas for diversity purposes.

10. Defendant American Casualty is a domiciled in Pennsylvania, with its principal place of business located in Illinois. Therefore, American Casualty is a citizen of both Pennsylvania and Illinois for diversity purposes.

11. Upon information and belief, Defendant John Douglas Peacock ("Peacock") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Peacock, it is American Casualty's position that Peacock has been fraudulently joined in this action. Therefore, the Texas citizenship of Peacock should be disregarded for the purposes of evaluating diversity in this matter.

12. When fraudulent joinder is asserted, the Court must apply the federal pleading standard, which requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.,* 818 F.3d 193, 207-08 (5th Cir. 2016); see also *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

13. Here, Plaintiff asserts generic claims against Peacock for violations of the Texas Insurance Code § 541 and the DTPA (Pl.'s Orig. Pet., ¶¶ 24-29, and 55-64, Exhibit A). Based on

Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Peacock because no real facts relating to him have been set forth. See *McClelland v. Chubb Ins. Co. of Texas,* 2016 WL 5791206, 5:16-cv-00108 (W.D. Tex. September 30, 2016). Plaintiff's claims against Peacock consist merely of boilerplate labels, conclusions, and formulaic recitations of the elements of causes of action. Additionally, Peacock cannot be held liable under Tex. Ins. Code Ann. §§541.060(a)(1), 541.060(a)(2), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), or 541.060(a)(7). *See Ministerio Intern'l Lirios Del Valle v. State Farm Lloyds*, 2016 WL 5791550, 3:16-cv-1212-D (N.D. Tex. October 4, 2016) Moreover, Plaintiff has failed to allege specific duties owed by or actual facts of actionable conduct or misrepresentation against Peacock. *See McClelland v. Chubb Ins. Co. of Texas,* 2016 WL 5791206, 5:16-cv-00108 (W.D. Tex. September 30, 2016). As Plaintiff has failed to allege specific duties owed by or actual facts of actionable conduct or misrepresentation against Peacock, his presence should be disregarded in determining diversity jurisdiction.

14. Because Plaintiff is a citizen of Texas and Defendant American Casualty is a citizen of Pennsylvania and Illinois, complete diversity of citizenship exists among the proper parties.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

15. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Petition expressly alleges that "the damage to Plaintiff's Property is currently estimated at $99,930.10" (Pl.'s Orig. Pet., ¶19, Exhibit A). Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

## CONCLUSION AND PRAYER

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant American Casualty Company of Reading, Pennsylvania hereby removes this case to this Court for trial and determination.

                Respectfully submitted,

                /s/ *Anthony S. Cox*
                Anthony S. Cox
                Texas Bar No. 04935000
                Anthony.Cox@cna.com
                **CNA COVERAGE LITIGATION GROUP**
                700 N. Pearl Street, Suite 450
                Dallas, Texas 75201
                (214) 220-5910 – Direct Dial
                (214) 220-5902 – Facsimile

                **ATTORNEYS FOR DEFENDANT**
                **AMERICAN CASUALTY COMPANY OF**
                **READING, PENNSYLVANIA**

# CERTIFICATE OF SERVICE

The undersigned does certify that on August 16, 2017, the foregoing *Defendant American Casualty Company of Reading, Pennsylvania's Notice of Removal* was electronically filed, as required by the United States District Court for the Southern District of Texas, Houston Division, using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Southern District of Texas, Houston Division   The undersigned further certifies that on the 16th day of August, 2017, a true and correct copy of the foregoing *Defendant American Casualty Company of Reading, Pennsylvania's Notice of Removal* was served on the following via Certified Mail, Return Receipt Requested:

    Chad T. Wilson
    Allen B.  Landon
    CHAD T. WILSON LAW FIRM, PLLC
    455 East Medical Center Blvd., Suite 555
    Webster, Texas 77598
    Telephone:  (832) 415-1432
    Facsimile:  (281) 940-2137
    E-Mail: eservice@cwilsonlaw.com
    E-Mail: cwilson@cwilsonlaw.com
    E-mail: alandon@cwilsonlaw.com

    and

    David P. Wilson
    PROVOST UMPHREY LAW FIRM LLP
    490 Park Street, Suite 100
    Beaumont, Texas77701
    Telephone:  (409) 835-6000
    Facsimile:  (409) 838-8888
    E-Mail: DWilson@pulf.com

    *Attorneys for Plaintiff*

                                /s/ *Anthony S. Cox*
                                Anthony S. Cox