6/26/2017 3:12 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17841364
By: Justin Kitchens
Filed: 6/26/2017 3:12 PM

**2017-42390 / Court: 055**

CAUSE NO. _____

| | | |
|---|---|---|
| PHAM SY VAN DDS, | § | IN THE JUDICIAL COURT OF |
| Plaintiff, | § § § | |
| V. | § § | |
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and JOHN DOUGLAS PEACOCK, | § § § § § | HARRIS COUNTY, TEXAS |
| Defendants. | § § | _____ DISTRICT COURT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Pham Sy Van DDS, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of American Casualty Company of Reading, Pennsylvania ("American Casualty") and John Douglas Peacock ("Peacock") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

**PARTIES**

2. Plaintiff, Pham Sy Van DDS, resides in Harris County, Texas.

3. Defendant, American Casualty Company of Reading, Pennsylvania, is a Pennsylvania insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon American Casualty Company of Reading, Pennsylvania through its registered agent for service: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiff requests service at this time.

EXHIBIT A-1

4. Defendant John Douglas Peacock is an individual resident of Fort Worth, Texas. Peacock may be served with citation at the address listed with the Texas Department of Insurance: **3205 River Park Lane South, No. 1034, Fort Worth, Texas 76116**. Plaintiff requests service at this time.

## JURISDICTION

5. The Court has jurisdiction over American Casualty because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of American Casualty's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Peacock because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiff owns an American Casualty Company of Reading, Pennsylvania homeowner's insurance policy, number CNP 2076954941 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 7718 Bellaire Boulevard, Houston, Texas 77036

EXHIBIT A-1

("the Property").

10. American Casualty or its agent sold the Policy, insuring the Property, to Plaintiff. American Casualty or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. American Casualty has refused the full extent of that coverage currently owed to Plaintiff.

11. On or about January 8, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas area.

12. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to American Casualty against the Policy for damage to the Property. American Casualty assigned claim number E2D38931 to Plaintiff's claim.

13. Plaintiff asked American Casualty to cover the cost of damage to the Property pursuant to the Policy.

14. Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, HVAC system, and fencing. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: kitchen, breakfast room, living room, first office, reception area, closet, bathroom, second office, and lab.

15. American Casualty assigned or hired Peacock to adjust the claim.
    a. Peacock had a vested interest in undervaluing the claims assigned to him by American Casualty in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Peacock. The valuation of damages that were included in Peacock's report compared to Plaintiff's Third-Party

    Adjuster's is also evidence of fraud on the part of Peacock.

  b. Furthermore, Peacock was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Peacock had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

  c. Peacock made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

  d. Peacock made further misrepresentations to Plaintiff during his inspection. Peacock used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

16. American Casualty, through its agents, namely Peacock, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of the claim occurred on or around April 3, 2016. Peacock found $3,332.07 in damage from a covered peril to the roof of the property.

18. After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

19. To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $99,930.10.

20. Since due demand was made on February 14, 2017, American Casualty has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to

EXHIBIT A-1

settle Plaintiff's claim properly.

21. As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, American Casualty failed to provide full coverage due under the Policy.

22. As a result of American Casualty's failure to provide full coverage, along with American Casualty's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23. American Casualty failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, American Casualty refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24. Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between American Casualty and Plaintiff.

25. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

26. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a

EXHIBIT A-1

reasonable explanation for not making the full payment under the terms of the Policy.

27. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, American Casualty, through its agents, servants, and representatives, namely Peacock, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA

### BREACH OF CONTRACT

31. All allegations above are incorporated herein.

32. American Casualty is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between American Casualty and Plaintiff.

33. American Casualty's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34. All allegations above are incorporated herein.

35. American Casualty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36. American Casualty's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37. American Casualty's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38. American Casualty's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law,

EXHIBIT A-1

for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39. American Casualty's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40. American Casualty's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41. All allegations above are incorporated herein.

42. American Casualty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

43. American Casualty's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44. American Casualty's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. All allegations above are incorporated herein.

46. American Casualty's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

47. American Casualty's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, American Casualty knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48. All allegations above are incorporated herein.

49. American Casualty's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by American Casualty pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against American Casualty. Specifically, American Casualty's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, American Casualty has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. American Casualty's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B. American Casualty represented to Plaintiff that the Policy and American Casualty's adjusting and investigative services had characteristics or benefits that they did not

9

possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. American Casualty also represented to Plaintiff that the Policy and American Casualty's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Furthermore, American Casualty advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. American Casualty breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. American Casualty's actions are unconscionable in that American Casualty took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. American Casualty's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G. American Casualty's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of American Casualty is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

EXHIBIT A-1

## FRAUD

51. All allegations above are incorporated herein.

52. American Casualty is liable to Plaintiff for common-law fraud.

53. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and American Casualty knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54. American Casualty made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## **CAUSES OF ACTION AGAINST DEFENDANT JOHN DOUGLAS PEACOCK**

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55. All allegations above are incorporated herein.

56. Peacock's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

57. Peacock is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of American Casualty, because Peacock is a "person," as defined by TEX. INS. CODE §541.002(2).

58. Peacock knowingly underestimated the amount of damage to the Property. As such, Peacock failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

11

EXHIBIT A-1

59. Furthermore, Peacock did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

60. Peacock's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

61. Peacock's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62. All allegations above are incorporated herein.

63. Peacock's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Peacock pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Peacock. Specifically, Peacock's violations of the DTPA include the following matters:

   A. By this Defendant's acts, omissions, failures, and conduct, Peacock has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Peacock's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

    B.    Peacock represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

    C.    Peacock represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

    D.    Peacock's actions are unconscionable in that Peacock took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Peacock's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

    E.    Peacock's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64. Each of Peacock's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Peacock, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

**FRAUD**

65. All allegations above are incorporated herein.

66. American Casualty assigned or hired Peacock to adjust the claim.

    a.    Peacock had a vested interest in undervaluing the claims assigned to him by American Casualty in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party

13

Adjuster's is evidence of fraud on the part of Peacock. The valuation of damages that were included in Peacock's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Peacock.

b. Furthermore, Peacock was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Peacock had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Peacock made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

## NEGLIGENCE

67. All allegations above are incorporated herein.

68. Peacock was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

   a. Failure to conduct a reasonable inspection;

   b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

   c. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

   d. Failure to identify the cost of proper repairs to Plaintiff's Property; and

   e. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

EXHIBIT A-1

69. Peacock's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

70. At all relevant times, Peacock was an agent or employee of Defendant American Casualty.

71. Peacock's unreasonable inspection was performed within the course and scope of his duties with Defendant American Casualty. Therefore, American Casualty is also liable for the negligence of Peacock through the doctrine of respondeat superior.

### GROSS NEGLIGENCE

72. All allegations above are incorporated herein.

73. Peacock's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a. Peacock's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b. Peacock had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74. Peacock intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of American Casualty. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

EXHIBIT A-1

### KNOWLEDGE

75. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

### WAIVER AND ESTOPPEL

76. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### DAMAGES

77. Since the claim was made, American Casualty has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78. Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

79. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation,

EXHIBIT A-1

80. costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

80. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

81. The damage to Plaintiff's Property is currently estimated at $99,930.10.

82. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

84. For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money American Casualty owed, and exemplary damages.

85. Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery

·17

of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

EXHIBIT A-1

**JURY DEMAND**

90. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

**PRAYER**

Plaintiff prays that Defendants, American Casualty Company of Reading, Pennsylvania and John Douglas Peacock, be cited and served to appear, and that upon trial hereof, Plaintiff, Sy Van Pham DDS, has and recovers from Defendants, American Casualty Company of Reading, Pennsylvania and John Douglas Peacock, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Sy Van Pham DDS, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Allen B. Landon
Bar No. 24091870
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432

EXHIBIT A-1

Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
alandon@cwilsonlaw.com

PROVOST UMPHREY LAW FIRM LLP

David P. Wilson
Bar No. 21672700
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888
DWilson@pulf.com

ATTORNEYS FOR PLAINTIFF

EXHIBIT A-1